IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02691-BNB

JAMES R. LAWSON,
    Plaintiff,

v.

PHIL NIEDRINGHAUS, Supervisory Special Agent,
SPECIAL AGENT PETER HUNHAR,
SPECIAL AGENT ROBERT STEVEN KRUPA,
FIVE UN-NAMED SPECIAL FBI AGENTS, and
THE DENVER OFFICE OF THE F.B.I.,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 9 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff James R. Lawson initiated this action by filing *pro se* a complaint asserting claims that his rights under the United States Constitution have been violated. In an order filed on November 19, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Lawson to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On January 7, 2010, Mr. Lawson filed an amended complaint.

The Court must construe the amended complaint liberally because Mr. Lawson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint filed by Mr. Lawson and finds that the amended complaint also fails to comply with the pleading requirements of Rule 8. As Mr. Lawson was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that the original complaint filed by Mr. Lawson did not comply with the pleading requirements of Rule 8 because Mr. Lawson failed to set forth a short and plain statement of his claims showing that he is entitled to relief. In particular, Magistrate Judge Boland noted that Mr. Lawson failed to provide specific factual allegations in support of his claims. The Court agrees. The original

complaint largely consisted of vague and conclusory factual allegations and generic legal argument that was not linked to the specific claims Mr. Lawson was asserting against Defendants.

The amended complaint, which consists of 160 pages of typewritten, single-spaced allegations and an additional 148 pages of attachments, also does not comply with the pleading requirements of Rule 8. Instead, the amended complaint is a collection of repetitive factual allegations and unnecessary and repetitive legal argument that does not provide a short and plain statement of Mr. Lawson's claims showing he is entitled to relief. All Mr. Lawson has accomplished by repeating the same factual allegations and legal arguments multiple times is to make the amended complaint unnecessarily long and redundant and prevent the Court and Defendants from being able to ascertain in a reasonable manner what specific claims for relief are being asserted in this action.

As Magistrate Judge Boland advised Mr. Lawson in the order directing Mr. Lawson to file an amended complaint, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). Because the Court finds that the amended complaint filed on January

7 fails to comply with the pleading requirements of Rule 8, the action will be dismissed. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 19th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02691-BNB

James R. Lawson
764 S. Osage Street
PO Box 9758
Denver, CO 80209-0758

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/19/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk